Ho wet, Judge,
delivered the opinion of thé court:
The illegal seizure and condemnation of the vessel is established. There was a total loss of $18,129.14, as appears from the schedules incorporated in the findings and established by the other proofs. Deducting the insurance paid, there was a net loss to the owners of the vessel and that part of the cargo owned by Francis Smith and Harrison Allmand of $6,859.14. Francis Smith’s administrator is entitled to one half of this sum, but as no claim was ever filed for the owner of the other half there can be no allowance for the Allmand interest not sued for.
The contention that the Allmand part of the claim can be allowed under the petition of Francis Smith’s administrator must fail, because the Smith petition is too general to cover anything more than the individual claims of Francis Smith. There is no evidence to support the contention of a partnership between the two owners of the vessel and their part of the cargo, and the court can not assume that these two owners were partners. The jurisdictional act bars any such assumption without proof.
As to the part of the cargo belonging to Sloan & Pagan it must not be understood that their representatives are claiming anything. The argument relating to the citizenship of these two persons goes to a question of right on the part of the underwriters on Sloan & Pagan’s part of the cargo to recover as subrogees for the amount paid said firm. As it is necessary for the American citizenship of the insured to be established before the insurers can recover, we must now consider the matter of citizenship to determine the merits of this part of the claim.
An affidavit on file made by Dunbar Sloan after the sailing of the vessel relates to a bill of lading and an invoice on account of the shipment made by Sloan & Pagan, who according to the affidavit were citizens of the United States. Defendants contend that this statement of citizenship in the affidavit is no part of the facts certified as sworn to, but is merely matter descriptio personx made by the notary. The affidavit appears to have been made almost immediately after the capture of the ship and the condemnation of the goods shown *203 by the bill and the invoice. The invoice in evidence discloses that Sloan & Pagan were citizens and residents of Norfolk, Va. And on its face tbe notary certifies that the affiant was one of the members of the house of Sloan & Pagan, “who are citizens of the United States.” This affidavit, with the-statement of the notary incorporated therein, appears to have been made at the place where Sloan & Pagan seem to have been engaged in business according to the invoice.
It is not usual to prove citizenship so indirectly. Neither a bill of lading nor an invoice is ordinarily employed for any other purpose than to give the names of shippers and consignees, with a statement of the character of the goods shipped and the place of shipment and the port of destination. But these papers in the present instance are supplemented by the recitals of the decree of the prize tribunal, which disclose-that the French were satisfied with the truth of the statement appearing in the different bills of lading and the invoices. The decree also recites that it was a matter of public notoriety that the English in the Antilles were not respecting any neutral flag and particularly that of the United States. The privateer seized the ship as a neutral and the prize tribunal condemned vessel and cargo as neutral property, but for reasons quite different from the matter of the Amercan citizenship of the owners of both. The property was not condemned for the want of proof that Sloan & Pagan were citizens, of the United States. The master’s protest includes complaint of the condemnation for the owners of both ship and cargo. There is no room to doubt ownership and very little occasion, if any, to discredit American ownership throughout. Taking the circumstances and proof all together the court concludes that the citizenship of Sloan & Pagan sufficiently appears to justify the contention of the subrogees of Sloan and Pagan’s interests.
The seizure on the part of the privateer and the subsequent condemnation were illegal acts and the exact amount-recoverable from the. United States is disclosed by the findings, to wit, $15,679.57.
A copy of these findings of the court will be certified to Congress, together with a copy of this opinion.